IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL ACTION NO. 3:13-cv-211-GCM

| | |
|---|---|
| POINSETTA ROUSE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **STIPULATED CONSENT** |
| ) | **PROTECTIVE ORDER** |
| UNITED HEALTHCARE SERVICES, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court pursuant to the agreement of *pro se* Plaintiff Poinsetta Rouse ("Plaintiff") and counsel for Defendant United Healthcare Services, Inc. ("Defendant") for entry of a Stipulated Consent Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In the course of discovery in this action, the parties will have reason to request and exchange confidential information, including but not limited to personal, business, financial, investigatory, and proprietary information with respect to Plaintiff's and Defendant's discovery requests. In addition, the parties will have reason to request and exchange information which may be confidential pursuant to laws protecting the confidentiality of such information. Plaintiff and counsel for Defendant have deemed it to be in the best interest of both parties to facilitate the discovery process by agreeing to maintain such information as Confidential and to restrict the dissemination of such information.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of Plaintiff and counsel for Defendant, good cause having been shown, and the Court deeming it just and proper to do so, it is hereby ORDERED that:

1. This Order governs the handling and disclosure of all materials produced, given, or filed herein by the parties and designated as "CONFIDENTIAL" during the discovery phase of this action. A separate order will be entered at the appropriate time regarding the use of CONFIDENTIAL INFORMATION during the trial or trials of any matter or issue herein. For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personal, business, financial, and proprietary information with respect to Plaintiff's and Defendants' discovery requests. For purposes of this Order, CONFIDENTIAL INFORMATION also includes, but is not limited to, information which is protected from disclosure by applicable laws.

2. **Definitions**.

   a. "Document" means all writings, drawings, graphs, charts, recordings, and any other documents as defined in the parties' discovery requests and pursuant to Rule 34 of the Federal Rules of Civil Procedure.

   b. "Material" means any document, any answer to any interrogatory or other discovery request in this action, any portion of any deposition (including deposition exhibits) in this action, and any other information produced, given, or filed in this action.

   c. "Parties" means Plaintiff Poinsetta Rouse and Defendant United Healthcare Services, Inc.

3. **Procedure for Designating Information as Confidential**.

   a. A party or witness may designate as CONFIDENTIAL INFORMATION any material or document produced in the course of discovery that contains confidential information by writing, typing, or stamping on the face of such material the words "CONFIDENTIAL", or by otherwise notifying Plaintiff or counsel for the Defendant in writing,

and, in the case of deposition transcripts and exhibits, also the court reporter, at the time of the production of the document or within 20 days of receipt of the deposition transcript. In the event CONFIDENTIAL INFORMATION is contained in any written response to a discovery request, in any deposition transcript, or in any exhibit thereto, the confidential portion of such response, transcript, or exhibit shall be separately and clearly marked, with the words "CONFIDENTIAL" placed thereon.

      b.     In the event confidential, proprietary or sensitive material is inadvertently produced without placing the designation "CONFIDENTIAL" thereon, the party may, subsequent to the production (or subsequent to the 20-day period for designating deposition transcripts), designate the material as CONFIDENTIAL INFORMATION. In such event, the material shall be treated in accordance with the terms of this Order from the time of the designation.

      c.     Should a party object to the designation of any material as CONFIDENTIAL, and provided that there is no agreement with respect to such designation, a party may appeal to the Court for a ruling that the material shall not be so treated. Until the Court enters an order, if any, changing the designation of the material, it shall be treated as CONFIDENTIAL as provided in this Order.

    4.    **<u>Disclosure and Use of Confidential Information</u>**.

      a.     Provided that Plaintiff, Defendant, counsel for Plaintiff or counsel for Defendant shall adhere strictly to the provisions of this Order with respect to all materials designated as Confidential, Plaintiff or counsel for the Defendant may have access to, inspect and copy CONFIDENTIAL INFORMATION sought through legitimate discovery means (except as described below), and no objection shall be raised to the production of any

information or documents, or the answering to any interrogatories or deposition questions, on the grounds that said information, documents or answers are or may be considered confidential by the producing party, *unless* said information was inadvertently produced and/or such information was intended to be confidential when originally disclosed.

      b.      The production or disclosure of CONFIDENTIAL INFORMATION pursuant to the terms of this Order by the producing party shall not waive or prejudice the right of the producing party to object to the production or admissibility of documents or information on grounds other than confidentiality in this action or on grounds in any other action. It is specifically agreed that making the materials or documents available for inspection and the production of the materials or documents shall not constitute a waiver by the parties of any claim of confidentiality, and the production of such materials or documents shall not be considered as an acknowledgment that the materials or documents may be admissible into evidence at the trial of this action.

      c.      Except upon further order of the Court, CONFIDENTIAL INFORMATION, shall be disclosed only to Plaintiff, and counsel for the Defendant in this action; the Parties, their agents, including but not limited to counsel retained by Plaintiff who provides material assistance in the legal representation of Plaintiff, Defendant counsel's legal assistants and other relevant staff members; outside companies engaged by Plaintiff or Defendant's counsel for the parties to photocopy such documents; or current or former employees of Defendant who provide material assistance in the legal representation of the Defendant; a deponent in the action (during a deposition or in preparation therefrom) when the Confidential materials are materially related to the questions asked to or testimony of such deponent; Defendants' insurance representatives; any court reporter utilized for depositions in

the course of this litigation and their staff, for purposes of preparing transcripts; experts consulted or assisting the parties in this action; mediators, arbitrators, or special masters attempting to assist in resolving or adjudicating all or any portion of this dispute; and the Court and its regularly employed staff.

    d.    All CONFIDENTIAL INFORMATION shall be used solely in the good faith prosecution or defense of this action and shall not be used or disclosed by any person for any other purpose.

    e.    Any person other than Plaintiff, counsel of record, employees of counsel, the court, its personnel, court reporters and their staff must execute a form as is attached hereto as Exhibit A prior to the disclosure of CONFIDENTIAL INFORMATION. Plaintiff and counsel for Defendants shall keep a record of all persons to whom disclosures are made and shall retain in their possession, custody, and control all the written statements signed by those persons. All CONFIDENTIAL INFORMATION, and any documents containing information contained therein, including copies of such documents, shall be returned to Plaintiff, or her counsel, or counsel for Defendants by persons given access to them.

6.    **Procedure for Filing Documents under Seal.**  When a party seeks to file confidential documents, things and/or information, including confidential portions of any transcript, a party shall submit such materials to the Court consistent with the rules of this Court for filing Sealed Documents which shall at a minimum be endorsed with the title of this action and a statement substantially in the following form: "Filed Under Seal Pursuant to Protective Order".

7. **Disposition of Documents**.

   a. After the final disposition of this action, including the conclusion of any and all appeals, all CONFIDENTIAL INFORMATION maintained any sealed files of the Court shall be returned to Plaintiff or counsel for the Defendant filing such CONFIDENTIAL INFORMATION.

   b. After termination of this action, each receiving party shall return all documents marked "CONFIDENTIAL" of the conveying party in their possession, custody or control, except that Plaintiff and counsel for Defendant may retain one copy of each item.

   c. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

8. **General Terms.**

   a. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of this Order. This jurisdiction shall survive the termination of this action.

   b. Nothing in this protective order shall require disclosure of material which the conveying party contends is protected from disclosure by the attorney-client privilege, or as constituting attorney work product materials.

   c. This protective order shall not prevent either party from applying to the court for relief therefrom, or from applying to the court for further or additional protective orders, or from agreeing between themselves to modification of this protective order, subject to the approval of the court.

   d. This protective order may be modified only by further Order of the Court.

It is so ORDERED this 28th day of January, 2014.

Signed: January 28, 2014

Graham C. Mullen
United States District Judge

AGREED TO this 17th day of January, 2014.

| | |
|---|---|
| */s/ Poinsetta Rouse* | */s/ Ann H. Smith* |
| Poinsetta Rouse | Ann H. Smith |
| 8615 Panglemont Drive | N.C. State Bar No. 23090 |
| Charlotte, NC 28269 | Jackson Lewis LLP |
| (980)-272-9381 | 1400 Crescent Green Drive, Suite 215 |
| *Pro Se Plaintiff* | Cary, NC 27518 |
| | Telephone: (919) 854-0044 |
| | Facsimile: (919) 854-0908 |
| | E-mail: ann.smith@jacksonlewis.com |
| | *Attorneys for Defendant* |

# **EXHIBIT A**

Agreement concerning material covered by a Consent
Protective Order entered in the United States District Court,
Western District of North Carolina, Charlotte Division

  The undersigned hereby acknowledges that she/he has read the Order entered by the Court dated _____, 2014, in the action entitled *Poinsetta Rouse v. United Healthcare Services, Inc.,* 3:13-cv-211-GCM, understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court for the Western District of North Carolina with regard to this order and understands (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the United States District Court for the Western District of North Carolina regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____  _____
(Date)              (Signature)

4830-8040-7576, v. 1